Case 4:13-cv-00173-JJV   Document 17   Filed 08/19/14   Page 1 of 6

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| SHARON RAY, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 4:13CV00173-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon Ray, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On May 27, 2010, Ms. Ray protectively filed for SSI and DBI benefits due to asthma, gastritis, ulcers, dermatitis, diabetes, high blood pressure, carpal tunnel syndrom, sleep apnea, back pain, fibromyalgia, allergies, obesity, depression, anxiety, and bowel and bladder problems. (Tr. 220) Ms. Ray's claims were denied initially and upon reconsideration. At Ms. Ray's request, an Administrative Law Judge ("ALJ") held a hearing on July 6, 2011, where Ms. Ray appeared with her lawyer. (Tr. 33) At the hearing, the ALJ heard testimony from Ms. Ray, a friend of Ms. Ray's, and a vocational experts ("VE"). (Tr. 34-62)

The ALJ issued a decision on August 19, 2011 finding that Ms. Ray was not disabled under the Act. (Tr. 11-26) The Appeals Council denied Ms. Ray's request for review, making the ALJ's

decision the Commissioner's final decision. (Tr. 1-3)

Ms. Ray, who was thirty-eight years old at the time of the hearing, has her GED. (Tr. 36) She has past relevant work as a line worker in a factory. (Tr. 221)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Ray had not engaged in substantial gainful activity since December 2, 2009 and that she had the following severe impairments: diabetes, asthma, hypertension, carpal tunnel syndrome, obstructive sleep apnea, morbid obesity, and adjustment reaction, depression with mixed anxiety features. (Tr. 13) However, the ALJ found that Ms. Ray did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14)

According to the ALJ, Ms. Ray has the residual functional capacity ("RFC") to perform sedentary work, but there could be no rapid, repetitive flexion or extension of the wrists; no exposure to hazards; no climbing ropes or ladders and only occasional climbing of stairs and ramps; occasional balancing, crawling, kneeling, stooping, and crouching. She also must avoid concentrated exposure to temperature extremes or pulmonary irritants, and is limited to work where interpersonal contact was incidental to work performed; complexity of tasks was learned and performed by rote with few variables and little judgment; and supervision required was simple, direct, and concrete. (Tr. 18) The VE testified that the jobs available with these limitations were production and assembly

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

worker, inspector, examiner, weigher, and addressing clerk. (Tr. 61)

After considering the VE's testimony, the ALJ determined that Ms. Ray could perform a significant number of jobs existing in the national economy, and found that Ms. Ray was not disabled.

### III. ANALYSIS

#### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

#### B. Ms. Ray's Arguments for Reversal

Ms. Ray asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence. Specifically, Ms. Ray contends that the ALJ (1) failed to perform a psychiatric review technique to evaluate Ms. Ray's personality disorder; (2) erred in his RFC determination; and (3) relied on vocational evidence that conflicted with the Dictionary of Occupational Titles. (Doc. No. 12)

##### 1. Psychiatric Review

Ms. Ray argues that the ALJ erred by not evaluating her personality disorder. In a July 14,

2010, report, Dr. Shry opined that Ms. Ray "appear[ed] to meet the diagnostic criteria for Adjustment Reaction and Personality Disorder." (Tr. 367) This same finding was made during a July 21, 2010, assessment. (Tr. 404)

As the Commissioner argues, the ALJ did recognize the medical evidence reporting Ms. Ray's diagnosis of personality disorder. (Tr. 22-23, 367, 404) But a diagnosis does not establish a disabling or even "severe" impairment. Rather, the ALJ properly focused on Plaintiff's functional limitations. (Tr. 13-18, 21-22) *Trenary v. Bowen*, 898 F.3d 1361, 1364 (8th Cir. 1990). Here, the ALJ determined that, based on her functional limitations, only Plaintiff's depression substantially limited her ability to perform work related activities. (Tr. 13)

And while it is true that the ALJ did not specifically mention listing 12.08,[3] the error is harmless, since it appears that Ms. Ray would not have met the requirements of the listing. In addition to part A, Ms. Ray had to meet at least two of the listings in part B, which are:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpart P, App. 1.

The ALJ discussed these same requirements when assessing the criteria for listings 12.04 and 12.02, and found that Plaintiff met none of them. (Tr. 16-17). There is substantial evidence in the record to support his findings. Notably, Ms. Ray has pointed out no evidence to the contrary; rather she argues that he didn't specifically mention and assess 12.08. This omission is harmless.

   2.   RFC Determination

Ms. Ray asserts that the ALJ's RFC determination is in error because he "assign[ed] no

---

[3]Though he did not assess the listing, the ALJ did recognize that Dr. Shry diagnosed Ms. Ray with "mixed anxiety features and personality disorder with histrionic traits." (Tr. 22-23)

4

weight to any treating source." (Doc. No. 12)  She also takes issue with the ALJ's giving Dr. Shry's report great weight after finding it "to be substantially consistent with the record as a whole. There are not contrary opinions in evidence and no recorded observations within the claimant's mental health treatment records that would lead me to conclude that Dr. Shry's assessment is not reasonable." (Tr. 24)  Ms. Ray argues that this statement directly contradicts the GAF scores given to her by her counselors.  While it is true that the counselor's GAF scores were between 41-50 in late 2010 and March 2011, the ALJ specifically addressed these scores.  He pointed out that the counselors are "not an acceptable medical source for purposes of establishing a medically determinable impairment" and discredited GAF scores, generally.  Additionally, he noted that those scores were inconsistent with the record as a whole. (Tr. 22-24) *Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010) (an ALJ is permitted to disregard GAF scores when they conflict with the medical evidence and the claimant's functional abilities).

        3.        Relied on Erroneous Vocational Evidence

Ms. Ray argues that there is a conflict between the VE's testimony and the DOT job descriptions. (Doc. No. 12)  Specifically, Ms. Ray takes issue with the ALJ's use of the words "cannot do rapid, repetitive flexion/extension of the wrists bilaterally" as a restriction during a hypothetical. (Tr. 60)  Ms. Ray contends that this limitation is best considered a "handling" restriction, and that the "job titles for the production and assembly work . . . all require frequent handling." (Doc. No. 12)  The record does not support Ms. Ray's argument.  First, Dr. Takach, who performed a physical functional capacity assessment on June 28, 2010, found that Ms. Ray had no limitations with handling, feeling, and fingering. (Tr. 359)  Instead he concluded that her limitation was only "rapid repetitive F-E [flexion/extension] of the wrists." (Tr. 357)  Second, the ALJ appropriately included this restriction in his hypothetical, and the VE expressed no confusion about

5

what he was being asked.  Finally, Ms. Ray's counsel neither objected nor questioned the VE about what she now alleges is a contradiction.

**IV.	CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms. Ray's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE